[S. F. No. 959.   Department Two.—June 9, 1899.]

## WILLIAM LYNCH, Respondent, v. CALVIN PEARSON, Appellant.

USE AND OCCUPATION—SALE UNDER FORECLOSURE—RESCINDED CONTRACT. An agreement between a mortgagee and the son of a mortgagor who was living on the mortgaged premises with his father, that the mortgagor would obtain title under foreclosure, and convey it to the son, on certain terms specified, which was mutually rescinded after the son had made a small payment thereon, does not relieve him from liability to the mortgagor for use and occupation after such rescission, and after purchase by the mortgagor at the sale under the foreclosure; and a judgment for the value thereof, less the payment made under the agreement, will be affirmed.

ID.—CONTRACT OF SALE—POSSESSION NOT TAKEN UNDER VENDOR—EXCEPTION TO RULE.—The rule that one who enters by virtue of a contract of sale of the premises is not thereafter liable to an action for use and occupation, has no application where possession was not taken under the contract, and the vendor had no power to put the purchaser in possession, but the contract of sale was made by a mortgagee to sell the title to be acquired under foreclosure to a party already in possession, and was rescinded before such title was acquired.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.   E. W. Risley, Judge.

The facts are stated in the opinion.

George E. Church, for Appellant.

A vendee in possession under a contract of purchase is not liable to an action for use and occupation. (*Greenup v. Vernor*, 16 Ill. 26; *Nance v. Alexander*, 49 Ind. 516.)   It is immaterial whether the contract is carried out or not. (*Smith v. Stewart*, 6 Johns. 46; 5 Am. Dec. 186; *Carpenter v. United States*, 17 Wall. 489; *Little v. Pearson*, 7 Pick. 301; 19 Am. Dec. 289; *Thompson v. Bower*, 60 Barb. 463; *Vandenheuvel v. Storrs*, 3 Conn. 203.)

Frank H. Short, for Respondent.

The authorities cited by appellant have no application to the facts of the case.

COOPER, C.—Action to recover for use and occupation of premises. . Judgment for plaintiff for three hundred and sixty dollars. Motion for a new trial, which was denied. This appeal is from the judgment and order. The court below filed findings, and in the brief of the appellant no finding is attacked for insufficiency of the evidence, and we will therefore take the facts as found by the court below and as admitted by the pleadings. On December 14, 1892, defendant was living upon the premises described in the amended complaint with his father, who was the owner thereof. Plaintiff was on said day the owner of a note secured by mortgage upon said premises. While defendant was so living upon said premises, and while plaintiff was so the owner of said note and mortgage, and on said fourteenth day of December, 1892, defendant and plaintiff entered into an agreement whereby plaintiff agreed to foreclose his said mortgage and to bid in the lands therein described, and, upon receipt of a sheriff's deed, to execute to defendant a deed to said premises subject to a certain prior mortgage held by one Gray, and to take and receive from defendant his note and mortgage for the amount due the plaintiff on such foreclosure proceedings, and in consideration thereof the defendant agreed to pay the costs and attorney's fees in the foreclosure proceedings. According to the agreement plaintiff proceeded to foreclose the said mortgage, and on the twenty-fourth day of April, 1893, purchased the same at sheriff's sale and received the usual certificate. Defendant was in possession of the premises at the time he made the said agreement and never entered into possession thereof through or under plaintiff. After the plaintiff began foreclosure proceedings, and as necessary costs and attorney's fees in connection therewith, he paid the sum of one hundred and ninety-two dollars and fifty cents, of which sum defendant paid one hundred and forty dollars only. About October 1, 1893, the defendant and plaintiff rescinded the former agreement of December 14, 1892, and mutually released each other from the obligations thereof. After April 24th, up to October 24, 1893, the defendant continued in the possession of the premises and received the rents, issues, and profits thereof, and the value of such use and occupation during such time, to wit, from April 24 to October 24, 1893, was the sum of five

hundred dollars. There was not at any time any agreement between plaintiff and defendant as to the payment of rent, and the plaintiff never released the defendant from any obligation to pay rent. At the time the agreement of December 14, 1892, was made the plaintiff had no title to the premises therein referred to, and defendant never entered into possession under said agreement. The court below deducted the sum of one hundred and forty dollars, which had been paid by defendant to plaintiff under the agreement of December 14, 1892, from the value of the use and occupation, and gave judgment for three hundred and sixty dollars, and we think the judgment is correct. It gave the defendant the benefit of the one hundred and forty dollars which he had paid on the contract that had been canceled, and while, perhaps, the law in its strict construction would not have compelled it to be so applied, the court in a spirit of equity did so apply it. Appellant contends that the doctrine of vendor and vendee applied as between the plaintiff and defendant after December 14, 1892. It is the general doctrine that one who enters by virtue of an agreement or understanding that he was to be a purchaser is not afterward liable in an action for use and occupation, but the doctrine does not apply to defendant in the case for the reason that he did not enter under a contract with plaintiff. On December 14, 1892, defendant was already in possession of the premises by permission of his father, who was the owner of them. Plaintiff was not the owner, nor entitled to the possession, and hence had no power to put defendant in possession. The defendant testified that after making the agreement with plaintiff he leased the premises of his father. The agreement made with plaintiff was in fact an agreement by which the plaintiff was to take legal proceedings and thus attempt to get the title. The defendant agreed to pay the cost of such legal proceedings, and plaintiff, if successful in getting the title, was then to convey to defendant on certain terms specified. Before the defendant had paid all the costs of such proceedings, and before the title had passed to plaintiff, the contract was rescinded by mutual consent. Plaintiff was the purchaser of the property at foreclosure sale. It was never redeemed. Defendant was the tenant in possession at the time of the sale, and so continued until the time for redemption expired.

The value of the use and occupation was five hundred dollars. These facts entitled the plaintiff to judgment.

We advise that the judgment and order be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.